UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

FLOYD SCHAMBON                                                              PETITIONER

v.                                                          CIVIL ACTION NO. 1:18-CV-P157-GNS

KEITH HELTON                                                               RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1).

At the outset, the Court notes that the instant petition was signed by Barbara Schambon on behalf of her husband and co-defendant, Floyd Schambon (DN 1). Attached to the petition is an affidavit signed by Mr. Schambon in which he states that Ms. Schambon "may file all papers relating to my 2254 filing and that she will sign for me in in all matters pertaining the 2254." Thus, it appears that both Schambons would like Ms. Schambon to be proceed in this action on Mr. Schambon's behalf. However, in federal court, a non-attorney must proceed either through licensed counsel or on his own behalf. *See* 28 U.S.C. § 1654; *see also Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist.*, 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another person's behalf in the other's cause of action."). Nonetheless, because the Court is not authorized to consider this second or successive petition in light of the Sixth Circuit's recent ruling, as explained herein, it need not deny the petition on this basis.

In the cover letter enclosing the petition (DN 1-2), Ms. Schambon states that this petition is a second or successive habeas corpus petition and that Mr. Schambon recently filed a motion in the Sixth Circuit Court of Appeals seeking authorization to file a second or successive habeas

petition in accordance with 28 U.S.C. § 2244(b)(3).[1]  She asserts that she is uncertain if the motion filed in the Sixth Circuit tolled the one-year statute of limitations governing the instant § 2254 petition she filed in this Court, which she reports would have expired on December 7, 2018.  She requests the Court to "hold" the instant petition "till [she] can find out from the federal Circuit Court if they will give permission to allow the 2254's to proceed."  A review of the Sixth Circuit docket shows that the Sixth Circuit denied Mr. Schambon's motion for an order authorizing him to file a second or successive § 2254 petition on January 4, 2019.  *See In re: Floyd Schambon*, No. 18-5654 (DN 10).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit Court of Appeals], the district court shall transfer the document to [the Sixth Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  However, when the appeals court has already denied a motion for authorization to file a second or successive petition, transferring the petition to the appellate court would be futile.  *Harris v. Warden, Chillicothe Corr. Inst.*, No. 3:15-cv-1792015, 2015 U.S. Dist. LEXIS 98359, at *2 (S.D. Ohio July 28, 2015) ("Because the Sixth Circuit has already refused permission for a second or successive petition, transferring the case to that court under *In re Sims*, 111 F.3d 45 (6th Cir. 1997), would be a futile act."), *report and recommendation*

---

[1] Ms. Schambon also filed a second or successive § 2254 petition in this Court on her own behalf, *Schambon v. Conover,* 1:18-cv-P156-GNS, on the same date she filed the instant petition.  The Court dismissed Ms. Schambon's petition because the Sixth Circuit also denied her motion for an order authorizing her to file a second or successive § 2254 petition.

2

*adopted*, 2015 U.S. Dist. LEXIS 139899 (S.D. Ohio Oct. 14, 2015); *see also Robles v. Lempke*, No. 09-CV-2636 (AMD) (JO), 2018 U.S. Dist. LEXIS 42091, at *10 (E.D.N.Y. Mar. 14, 2018) ("Of course, if the Second Circuit has already denied certification, any transfer to the Second Circuit for certification would be futile.") (internal quotation marks omitted). Therefore, because the Sixth Circuit has already denied Mr. Schambon's motion for authorization to file a second or successive petition, transferring the instant petition to the Sixth Circuit would be futile.

Finding that this Court is not authorized to consider the instant petition under § 2244(b)(3)(A), the § 2254 petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event that this decision is appealed, a certificate of certificate of appealability must be obtained. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: March 7, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Petitioner, *pro se*
    Respondent
4416.011